

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00080-CV

Robert **MARTINEZ**,
Appellant

v.

Jovita **GUERRERO**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2025-CV-10699
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: June 3, 2026

DISMISSED FOR WANT OF PROSECUTION

On March 2, 2026, we issued an order explaining that the court reporter responsible for filing the reporter's record in this appeal had filed a notification of late record stating that the reporter's record had not been filed because Appellant Robert Martinez had failed to request in writing that she prepare the reporter's record and had failed to designate the dates, the exhibits, and the portions of the proceedings to be included in the reporter's record. *See* TEX. R. APP. P. 34.6(b)(1) (explaining that the request to the court reporter must designate the exhibits and the

portions of the proceedings to be included in the reporter's record). We thus ordered Martinez to file written proof to this court on or before March 12, 2026 that he had requested the official court reporter to prepare the reporter's record in compliance with Texas Rule of Appellate Procedure 34.6 and had filed a copy of the request with the trial court clerk. *See* TEX. R. APP. P. 34.6(b)(2). We further explained that if Martinez failed to respond within the time provided, his appellant's brief would be due within twenty days from the date of the order and that this court would only consider those issues or points raised in his appellant's brief that did not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c).

Martinez did not file written proof as ordered. Thus, his appellant's brief was due on March 23, 2026. Martinez then did not file an appellant's brief. We therefore ordered Martinez to file, on or before May 4, 2026, his appellant's brief and a written response reasonably explaining (1) his failure to timely file the brief and (2) why appellee is not significantly injured by his failure to timely file a brief. We warned that if Martinez failed to file a brief and the written response by the date ordered, his appeal would be dismissed for want of prosecution. *See* TEX. R. APP. P. 38.8(a); *see also* TEX. R. APP. P. 42.3(c) (allowing involuntary dismissal if appellant has failed to comply with a court order). Martinez did not file his appellant's brief or a written response as ordered. Therefore, we dismiss this appeal for want of prosecution.

PER CURIAM